Why don't we hear the next case in the calendar, which is Shia Eidelman v. The Sun Products Corporation, 21-1046-CV. Thank you. And may it please the Court, Jonathan Taylor for the Plaintiff Appellant, Shia Eidelman. If I may, I'm going to try to reserve three minutes of rebuttal. Absolutely. This is a narrow appeal that involves the application of a familiar standard, the summary judgment standard. You just heard a case involving it. To a single... I'm sorry, Mr. Taylor, would you mind raising the lectern a little bit or tilting the microphones up? That would be helpful. Yeah, absolutely. Right here. How's that? Better? Yes. Thank you. The appeal asks whether the record in this case would allow a reasonable jury to conclude that the defendants were able to charge more for their free and clear laundry detergent by telling consumers that it was the number one recommendation of dermatologists. And three pieces of evidence taken together make clear that a jury could reach this conclusion. The first is the kind of evidence that you almost never see in cases like this, an internal email providing direct evidence of a premium. And I know my time is short, but I do want to take just a minute to go over to this because I think it cinches the case for us, or at least the appeal. In 2017, when a competitor, Arm & Hammer, came into the market at a lower price point with the free clear variant, it was $10.99 a bottle, Sun Products lowered the price of its bottle, the one in this case, to $14.99, which it said, quote, keeps us in the game. But it specifically emphasized around the same time that to charge that $4 per bottle premium, quote, it's critical that we push our number one RECCO. That's a CA887. So this is direct evidence. And superior whitening. And superior whitening, that's correct. Well, suppose the memo had said, and superior whitening, and it's gentler on the machine, and it's a shorter wash cycle. Now, would you be able to isolate the price advantage associated with the number one recommendation? I think it becomes increasingly difficult in your hypothetical, the more attributes you pile on. But you do have two. We do have two, absolutely. I'm not sure you recognize that it is not easy to break out which of these two has price impact. Well, I think it's a fair- So if you can't prove price impact, I'm not sure how you're able to prove injury, which is an element of the claim. So a couple of points. The first point is on the question of whether there is a premium of any kind, setting aside the question of amount. We can get to that in a second. The question at this point of the litigation is simply whether a reasonable jury in looking at this evidence could conclude that the number one recommendation affected the price by even a single penny. And if a reasonable jury could come to that determination, then summary judgment is improper and reversal is warranted. Now, as I take the thrust of your question, which is that when you have multiple features that are emphasized, and here there are only two, but when you have more than one, it can become difficult to precisely pinpoint the amount of damages. But I would just note that I think to the extent that that concern has relevance, it likely has more relevance when it comes to the question of calculating the amount of the premium rather than- But how would you? Well, again, that's outside the scope of this appeal. I think what you typically see in these kinds of cases when it's necessary- And you want to move forward with it, and there's been discovery, and this is summary judgment. So I don't see how you can associate even one penny with this. Well, I'll just say what it's typically done in a case where you might have to quantify the amount of the premium is you would hire an expert. You would have them conduct some kind of conjoint analysis to try to roughly calculate the amount of premium that is attributable to a particular representation, and it's a kind of after-the-fact guesstimate, if you will, to try and engage in counterfactual thinking to reconstruct the market under different circumstances. And so it's inherently imprecise. Here the evidence that we've identified is much stronger than that. It's contemporaneous evidence from the relevant decision makers showing that when they were setting prices, they understood that this particular claim, above all other claims or at a minimum on par with the other significant claim, the whitening claim, was the main reason that consumers buy their product, is the lifeblood of their product, and that that value that the claim indisputably had translated into prices, or at least that's a reasonable inference that a jury can make. Would you just take- You have a little remaining time. Would you talk about the district court's rejection of the free and clear as comparator because it wasn't- Is that the one that wasn't sold at Costco that day? Which is the one that wasn't sold that day? I think that's the arm and hammer. There was a Kirkland version that was sold that day, and then there's the version that we were just discussing, which was not on the market yet, the arm and hammer free clear. As I recall, and tell me if I'm getting these wrong, is that the one that the district court said, well, I'm not going to look at that as a comparator because it wasn't sold that day at the Costco? I believe that's the one, yes. What's your view on that? Two points. This is the product that we were just discussing in my colloquy with Judge Jacobs. I think the response that my friends have on the other side is that even if this could show a premium as to the amount of the product from 2017 forward, it doesn't show that there was a premium that is attributable to the number one recommendation in 2016 when our plaintiff purchased the bottle. The response that we have is that the question, again, in summary, this is a summary judgment question, and the question is whether it would be a fair inference for a jury to make. If there was a premium that was attributable to the number one recommendation claim when the product was $14.99, that there was also a premium when it was a dollar more a year earlier. We think that's really the only reasonable inference, and it would be illogical if it were the opposite. I think really there's two other buckets of evidence that are relevant here. It's kind of a three-leg stool, if you will. We've been focusing on what we think is the best evidence, the smoking gun evidence, but there's also an abundance of evidence, and I'll be very brief here because I see the red light just came on, showing that this claim is not just some peripheral claim, but that it had a substantial amount of value to both sides of the transaction, both the sellers of the product and the buyers. There's a consumer survey that's put into evidence that was conducted by an expert showing that the vast majority of consumers thought this was important or would think that this had someone in their household with sensitive skin, and that about half thought it would be highly important. And so you take these three pieces of evidence together, showing value to the company, value to the buyers, and then direct evidence showing that this value translated to the price premium, and a reasonable jury could come to the conclusion that there's a premium of at least some amount, and therefore, reversal is warranted. Thank you very much. Thank you very much. Let's hear from counsel for appellee. Good morning, Your Honors, and may it please the Court, Brad Steling on behalf of the Appellees Sun Products Corporation and Costco Wholesale Corporation. The District Court properly granted summary judgment in favor of Sun Products and Costco, and this Court should appeal or should affirm that decision. The basis of the Court's ruling was that the appellant had failed to present a tribal issue of fact on the dispositive issue of whether he paid a price premium for the bottle of all-free clear detergent that he bought from Costco because of the recommended brand claim. That decision was based on undisputed evidence, most significantly direct testimony from Sun Products and Costco employees who testified that the recommended brand claim had no impact on the pricing decision, either at wholesale or at retail. If there were an internal, I'm going to, I realize this internal email doesn't exist, but if there were an internal email that said, we think we can bump up the price a little bit because of this recommended brand claim, you would acknowledge that summary judgment would be inappropriate, notwithstanding the testimony you just described, because there would be a conflict in testimony. I agree with that, Your Honor. And you're not contending that the only way to demonstrate price premium or injury is through a comparator method? That's correct, Your Honor. There could be many ways to do it. So why isn't the email that is in the record, from which one can draw inferences, enough to get to the jury on this question of injury? The email doesn't address the reasons for the price reduction. The email doesn't specifically indicate that it is because of the recommended brand claim that we can charge more for this product. There's an enormous body of evidence in the record about the value that the seller ascribes to this recommended brand claim. You don't think that the jury could infer that it might, at least one penny of the price might reflect that value that they invest so much money in sustaining that claim? Your Honor, we don't dispute that the claim has value. It's a claim that's on the label. It's a claim that's intended to differentiate the product from other brands of laundry detergent that are being sold. The question, though, is not whether it has value, either to some products or Costco, or even, frankly, to the consumer. The question is whether there is evidence that consumers are charged more because of the recommended brand claim. If you acknowledge that it has value to the consumer, the seller, and the retailer, the wholesaler, we can't infer from that that that value that everybody acknowledges exists is at least some marginal component of the price that's charged for it? No, Your Honor. There would have to be testimony that would allow, as the AMLOC court phrased it, to tease out the impact of the statement on the price. So you have to be able to separate out and be able to say, you don't have to give the exact amount, but you have to be able to separate out and say there is a higher price being charged because of, it's a causation issue, because of this recommended brand claim. So there's a lot of ways. Can I ask, then, on that score, why was the, I guess, is the Arm and Hammer free and clear detergent rejected as a comparator? Is there a categorical rule that the only acceptable comparators are ones that are sold in the same location at the same day? Because it sounded, from the district court's ruling, and tell me if, maybe I'm over-reading it, that the district court was leaning towards a reliance theory to say, well, if this client or this claimant, plaintiff, could not have, can't say, well, I would have bought the Arm and Hammer at a cheaper price, that's why I bought the other one. It seemed like it was rejecting it as a comparator because it wasn't relying or wasn't able to say it was relying on the claim to make a choice between the two. I mean, that's not true, right? I mean, there's no reliance component. That's correct, Your Honor. There certainly isn't a reliance component. And the fact that the product, the Arm and Hammer product, wasn't available doesn't indicate that the district court was focusing on reliance. So why, yeah, so just tell me, why was it, why was the district court correct, in your view, in rejecting the product as a comparator on the basis that it wasn't available for sale that day in Costco? There's a number of problems with the Arm and Hammer free, clear product as a comparator. Well, why don't we start with the rationale offered by the district court. You may offer some other reasons, but at least starting with that, in your view, did the district court employ a correct analysis, on its own terms, for rejecting it as a comparator? Yes, and I'll start with saying that just pointing to a lower priced product that's available at some point is not going to establish the required injury because of the recommended brand claim. And the Arm and Hammer free, clear product, we know, was sold only sporadically at Costco during the relevant period that was at issue in summary judgment. So you have 26,000 units of the Arm and Hammer free, clear sold over a three-year period. It's not a top 10 seller of the Costco detergents, in contrast to 625,000 units of the white bottle. So to select... So why is that? Yes. So just tell me, why is the, say, the volume, why is the volume of sales not, but take it out of the running as a comparator? It's whether... Or at least as a matter of law, it takes it out, right? Because here we're in summary judgment. Why as a matter of law is it not a possible comparator? There are two reasons, and I'm dealing with the first reason you wanted to, as to what's expressed specifically in the district court's ruling. And I think in determining comparators, you ought to look at what is sold and what really is legitimately a comparator. So we used, and the district court looked at the top 10 selling detergents. These are things that are sold throughout, things that you could regard as comparators. It really is an outlier, the Arm and Hammer Free Clear, given the limited number of sales and the fact that it's not available when the plaintiff purchased it. That's not key. I think even if it was available, we'd still be making the same argument. And just on that point, and I want to hear your next point, I guess on that first point, I guess I'm wondering, where do you draw the line between finding that something as a matter of law is not a comparator, and instead saying that these may be very compelling arguments you make, but they're jury arguments. They're factual arguments or case-specific arguments, and you may very well be able to tell a jury, come on, there is no way that this really demonstrates a price premium. Why is it as a matter of law, we only say the top 10, what if the court had said the top 15 or the top 20? Is that a line that we draw? As a matter of, how do we draw that as a matter of law? So I would note, Your Honor, that it wasn't just the district court that sort of selected this product and rejected it as a comparator. It was the parties that presented these comparators to the district court and said, these show, the plaintiff said, these show a price premium. And the plaintiff's argument with respect to Arm and Hammer is fundamentally the problem with all their arguments on price premium. They say, it's a lower-priced detergent, and that doesn't get you the because of piece, the causation piece. And the fact that something is priced lower per bottle, per load, however you want to do the measure, you have to tease out that price differential and show that that price differential is as a result of, because of, the recommended brand claim. And that's where all the plaintiff's arguments and evidence fail on the injury question. And this is, I take it now you're moving to your second reason, because that, I don't think, was the basis on which the district court rejected it as a comparator, that there wasn't a showing that it really was a competitive product, right? It was just that it wasn't on sale that day, and therefore, because the plaintiff couldn't have bought it, it's out the window. I mean, let me pose a hypothetical. Let's say that Arm and Hammer, free and clear, sold exactly the same volume. And don't worry, we're going to take you a little bit. Let's say it sold the same volume, exactly the same volume at Costco. It had a lower price, however you measure it. And let's say that there was evidence, hypothetically, that it had exactly the same chemical characteristics in every respect. It washed your laundry, and it made it smell just as nice, and all those sorts of things. I know this is hypothetical. But it wasn't for sale that day at Costco. Would it be your view that as a matter of law, it was not a proper comparator? The mere fact that it was not available would not make it a... So your view is that it's these other characteristics, or rather, the failure of the plaintiff to present evidence in these other material respects, whether it's volume and that sort of thing, or the quality of the detergent that make it an improper comparator? Most importantly, it's their failure to point to, as Judge Jacobs was pointing out, how you tease it out. How is it that you can show, and again, you don't have to show the amount, but how can you show the amount that there's an additional price because of the recommended brand claim? Now, one way to do that is with an expert witness, as counsel pointed out. They had an expert witness in this case. They had three expert witnesses. They had an expert witness, an economist, who is... You would think an economist would be the person who's going to talk about damages, going to talk about injury. We specifically asked their expert witness, Stephen Bodecker, do you have an opinion as to whether there was a price premium in this case because of the recommended brand claim? This is their expert witness. And in pages 170 to 174, I believe, of the confidential appendix, Mr. Bodecker said, I have no opinion as to whether there was or what the amount of was a price premium. I have not done that work. What did the other experts say? None of the other experts... Pardon me, Your Honor, are you finished? No, you said you had three. Yeah, he had three experts. So he had a survey expert that he's alluded to, that Mr. Taylor has alluded to, who was testifying as to the deception claim. He did a consumer survey. What did the label mean to you? That doesn't go to the issue of the price premium. And I take it that is why you did not move for summary judgment on the ground that the label is truthful because it is indeed from the brand that is the subject of the number one recommendation. That is correct, Your Honor. There were competing experts on that issue. We would have been in a battle of the experts in the court where he said, I can't get in and resolve whether this is a slave case. And the third expert? The third expert was a dermatologist. And the dermatologist essentially testified that it was his opinion that no dermatologist would recommend this product because of the ingredients. That was the dermatologist's testimony. And, you know, we, again, completely irrelevant to our issue. Those experts were more relevant to the cross motion for summary judgment. They did cross move for summary judgment in the case, including on the issue of injury. So in the district court, appellant did not seem to think that this was a jury question. They felt, and they argued to the district court, you can grant judgment in our favor because the evidence shows that we did, in fact, suffer an injury. I know I've gone over my time, and I do want to. I have one more question for you, and I'm sorry that I keep maybe coming back to this. But, and I think I understand the point that you're making about that in your view, whether through expert testimony or otherwise, the plaintiffs have not, as you say, teased out what is this rationale that could explain some sort of price premium. But that's not the basis, or that's not the entire basis, certainly for the district court's ruling here. I mean, I'm looking, and it says, because the record does not reflect evidence of a less expensive comparator, the court concludes that no reasonable jury could find plaintiff paid a price premium. And the only reason for dismissing the one comparator is that the plaintiff didn't buy it. It wasn't for sale that day at Costco. So I'm wondering, if we were to rule in your favor on this point, are you necessarily asking us to affirm on another ground that is not the basis that the district court used, but that you think is equally apparent from the record as a matter of law? Or do you think that, or am I maybe not quite grasping what the district court said? I think it's both, Your Honor. I think the court could affirm looking at, the rationale of the district court was that it was not available, but all the facts behind that, about why it wasn't available, that it was only sold sporadically, the number of units, those are the things that go into that decision that says I'm concluding it wasn't available and therefore the district court says it's not a good comparator. And then this is summary judgment. It is a de novo review. What the court didn't address is the absence of this critical piece, which is the because of piece, the teasing out to say, okay, it's a lower price. And we don't dispute that it's a lower price. The question then becomes, what is the reason for the lower price? What is the reason for the lower price? And you think that's apparent enough on the record that we would be able to say that as a matter of law, even if the district court didn't say that, at least as that particular comparator? As to that, or any of the other detergents used, and I would look to the plaintiff's own expert who said he can't tell that question. Now, I think we've kept you up long past your appointed time. We thank you. And why don't we hear the rebuttal argument. Thank you for your time and attention. Thank you very much. So, let's see. We've got three minutes of rebuttal, correct? Yeah, we got the clock. Good. Thank you, and may it please the court, I'll try to keep this brief. Just want to make three quick points, three concessions that I heard from my friend on the other side that I think are important in this appeal. The first is the concession that, and this was something that I took to be unclear from reading the briefs, that you don't in fact need either an expert study performing a conjoined analysis or a precise comparator product in order to demonstrate the fact of injury, to demonstrate a price premium. That way it would be enough an answer to Judge Robinson's hypothetical if you had internal evidence making clear that the relevant decision maker regarded a particular representation as being necessary or to justify a particular price increase or price of any kind. But my friend said that what's missing from this case, as compared to that hypothetical example, is the causation, which we agree is important. But what I think my friend misunderstands is that if you look at that internal email, there's really only one way to read it, which is that the number one recommendation had some bearing on the price. It would be odd for the marketing director to mention only two things, if one of them had no bearing at all on the price. And certainly in context, given all the other evidence showing the value of the claim, we think there's more than enough evidence for a reasonable jury to come to that conclusion. Number two, on that point about the value of the claim, I heard my friend concede that this number one recommendation claim has a significant amount of value to both the buyer and the consumer, and the company rather, which I think basic economic theory would hold that when that's the case, it's a fair inference at least, it may not be the only inference, but it's a fair inference that that value found its way into the purchase price in some way. And certainly I think that inference here is bolstered by the fact that you have some direct evidence showing a link. And then finally, I heard my friend concede in response to your question, Judge Nunez, that reliance is not required as a matter of New York law, which is of course correct. And that you don't, as a consequence of that, have to identify a precise comparative product that was available on the shelves of a particular store at a particular day in order to establish a price premium. And I think given the lower court's analysis and confusion on this point on pages nine and ten of the court's opinion, I think reversal is warranted on that ground. Well, if we're reviewing de novo, right? Right. So no matter how wacky the district court's analysis was or wasn't, and I'm not saying it was, but that wouldn't really resolve, don't we have to independently assess the record ourselves anyway? That's correct, yes. But you couldn't rely on the same kind of mistaken understanding of the law, which I took to be the central plank of the district court's analysis. Thank you for that clarification. If there are no further questions. No, thank you both very much on both sides. Very helpful arguments and we appreciate it. We will reserve decision.